**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-5123**

———————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

    v.

LOC HUU BUI, a/k/a Lance Bui,

             Defendant - Appellant.

———————

**No. 11-5124**

———————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

    v.

NGHI HUU BUI, a/k/a Anthony Bui,

             Defendant - Appellant.

———————

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge. (5:10-cr-00205-FL-1; 5:10-cr-00205-FL-2)

———————

Submitted:  July 3, 2012          Decided:  July 12, 2012

———————

Before GREGORY, SHEDD, and WYNN, Circuit Judges.

———————

Dismissed in part; affirmed in part by unpublished per curiam opinion.

---

Seth A. Neyhart, STARK LAW GROUP, PLLC, Chapel Hill, North Carolina; G. Ryan Willis, WILLIS & JOHNSON, PLLC, Raleigh, North Carolina, for Appellants. Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Loc Huu Bui and Nghi Huu Bui pled guilty, pursuant to written plea agreements, to conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 1349, 1344 (2006), and aggravated identity theft, in violation of 18 U.S.C. § 1028A (2006). They now seek to appeal their convictions and sentences, arguing the district court violated Fed. R. Crim. P. 11(c)(5) at sentencing and incorrectly calculated their Guidelines range, thus imposing procedurally unreasonable sentences. The Government has moved to dismiss the appeals as barred by the Buis' waivers of the right to appeal included in their plea agreements.

Upon review of the plea agreements and the transcript of the Rule 11 hearing, we conclude that the Buis knowingly and voluntarily waived their rights to appeal their sentences and that, to the extent they question the reasonableness of their sentences on appeal, those challenges fall squarely within the scope of their waivers of appellate rights. We are not persuaded by the Buis' argument that their plea agreements are no longer effective, as the provision they claim the Government breached does not contain an agreed-upon sentence within the meaning of Fed. R. Crim. P. 11(c)(1)(C). See United States v. Lewis, 633 F.3d 262, 270-71 (4th Cir. 2011) (noting that the critical plea agreement provision was "drawn in mandatory and plain terms" indicating a promise). Accordingly, we grant the

3

Government's motion to dismiss in part and dismiss the Buis' appeal of their sentences.

Next, the Buis argue that the district court plainly erred when it failed to follow Rule 11(c)(5) at sentencing. Because Rule 11(c)(5) was not applicable to the plea agreements, we conclude the district court did not err. Accordingly, we affirm the Buis' convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART</u>;
<u>AFFIRMED IN PART</u>

4